IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROY A. DOWNS**,

      Plaintiff,

vs.                                                                                    **Civ. No. 10-0689 MCA/RLP**

**STATE OF NEW MEXICO (METROPOLITAN COURT);**
**STATE OF NEW MEXICO (SECOND DISTRICT COURT**);
**STATE OF NEW MEXICO (COURT OF APPEALS);**
**STATE OF NEW MEXICO (SHERIFF'S DEPARTMENT);**
**METROPOLITAN DETENTION CENTER**
**THE DISTRICT ATTORNEYS OFFICE;**
**THE ARBORS APARTMENTS;**
**THE UNITED STATES OF AMERICA**,

      Defendants.

<u>**MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT**</u>

**THIS MATTER** comes before the Court on pro se Plaintiff Roy A. Downs' Motion to Proceed *In Forma Pauperis*, filed July 21, 2010, *see* Doc. 3, and on the Court's concomitant obligation "to review the affidavit and screen his case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

**I.      Downs has failed to submit sufficient documentation.**

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs .

. . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The Court first notes that Downs did not file, as required by 28 U.S.C. § 1915(a)(1), an "affidavit," which is a "statement of facts confirmed by oath before a judicial officer having authority to administer the oath," 2A C.J.S. *Affidavits* § 1 (2009); *Kiehne v. Atwood*, 93 N.M. 657, 667, 604 P.2d 123, 133 (1979), or signed under penalty of perjury, *see* 28 U.S.C. § 1746 (allowing federal requirements of an affidavit to be satisfied by a writing signed by the individual and "subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'"). Failure to "fill out the proper forms or to otherwise provide the district court with the requisite information" in a sworn affidavit is grounds to deny a motion to proceed IFP because the Court is not required to rely on a plaintiff's "bald assertions" that he is unable to pay fees. *Lister*, 408 F.3d at 1313. The affidavit requirement also serves as a deterrent function because "[o]ne who makes this affidavit exposes himself to the pains of perjury in a case of bad faith. . . . This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." *Adkins*, 335 U.S. at 338 (internal quotation marks omitted). The perjury sanction thus serves to protect the public against misuse of public funds by a litigant with adequate funds of his own.

Further, Downs' unsworn financial statement leaves out critical information. Downs, who is 31 and single with no dependents, indicates that he has a monthly net income of $525 in VA disability benefits. Downs states that he is also "self-employed," "buying/selling [] stock." Doc. 3 at 2. He failed, however, to state the value of the stocks or other investments that he owns, *see id.* at 3, which could be sold and used to pay filing fees and the costs of service of process. He owns

a car that is paid for.

Downs, who indicated that he lived in New Mexico when he filed his Complaint, moved to Newark, Delaware ten days after he filed his complaint and motion to proceed IFP. *See* Doc. 4. His expenses for the necessities of life such as rent and utilities, therefore, have most likely changed. Because Downs failed to sign his financial affidavit under oath and failed to list the amount of his investment assets, the Court concludes that he has not satisfied his obligation to present sworn information showing that, because of his poverty, he cannot pay filing fees and supply himself with the necessities of life. *See Adkins*, 335 U.S. at 339; *Lister*, 408 F.3d at 1313. As explained below, however, the Court will not give Downs an opportunity to pay his filing fee but will dismiss his Complaint.

## II.     Downs fails to state a cognizable federal claim.

In screening the Complaint under § 1915(e)(2)(B), the Court resolves the issue of whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted). In screening the Complaint, the Court will accept as true any factual allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Downs. *See id.* at 1217.

But in the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the more recent case of *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), courts must carefully scrutinize a

plaintiff's complaint to determine if an actionable claim is asserted.  In *Twombly*, the Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule demands more than an unadorned "defendant-unlawfully-harmed-me" account, *Iqbal*, 129 S. Ct. at 1949.  The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ."  These, the Court stated, "will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

Downs names as Defendants three state courts, the Metropolitan Detention Center that apparently is located in Albuquerque, New Mexico, an unidentified Sheriff's Department, the District Attorney's Office, an apartment complex, and  the United States, using a form complaint provided by the Court for plaintiffs who are suing under 42 U.S.C. § 1983.  *See* Complaint at 1.  He left blank the question asking whether any of the Defendants were acting under state law.  *See id.* In the area directing him to explain the background and nature of his Complaint, Downs refers to various motions, responses, hearings, restitution, and default judgment in state-court cases he identifies only as "CV 1384/10," "2009-cv-14357," "No. 30,341 (District and court of appeals respectively)," and "CR 1254210." *Id.* at 2.  He makes the following additional statements:"Receive hearing for writ of restitution; tried to dismiss; writ of restitution not demanded and/or filed;" "Demand default judgments honored (Metropolitan and District court) although filed not honored;" "as Plaintiff I was summoned instead of Defendant;" and "release well after case was closed." Complaint at 2.  He also makes the following conclusions:  "obstruction of justice;" "misconduct of/by a public officer;" "denial of due process;" "kidnapping, detained when case was closed (by defendant);" "falsefying [sic] records/documents." *Id.*  Downs left blank the sections entitled "Cause of Action." *See id.* at 3-4.

4

> [T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated. After all, these are, very basically put, the elements that enable the legal system to get weaving-permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.

*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The sparse facts set forth in Downs' Complaint and quoted above totally fail to state any cause of action against any of the named defendants, thereby requiring dismissal for failure to state a claim under § 1915(e)(2)(B) and *Twombly*, 550 U.S. at 554-57.

Further, Downs cannot sue the state of New Mexico, its courts, or its agencies in federal court under § 1983 because those entities are sovereignly immune under the Eleventh Amendment and are not "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). He cannot sue the United States unless he demonstrates a statutory waiver of its sovereign immunity, which he has not done. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). To state a claim for violation of § 1983, he must allege facts showing that "some *person* has deprived him of a federally protected right;" and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (italics added).

**IT IS ORDERED** that Downs' motion to proceed IFP [Doc. 3] is DENIED, and his Complaint is DISMISSED under § 1915(e)(2)(A) and (B).

M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE